**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                          **RESPONDENT**

**v.**                                       No.   **4:02-CR-00195**
                                                   **4:06-CV-00344**

**KAREN COX KHABEER**                                                                 **PETITIONER**

**ORDER**

Pending are Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 228) and

Motion for Appointment of Counsel (Doc. No. 227).

**I.      BACKGROUND**

Following a jury trial, on December 16, 2003, Petitioner was convicted of multiple

counts of bank fraud, conspiracy to commit bank fraud, aiding and abetting bank fraud, aiding

and abetting possession with intent to use false identification documents, aiding and abetting

possession and use of unauthorized access devices, and aiding and abetting possession of forged

checks.[1]  On April 20, 2004, Petitioner was sentenced to 90 months in prison, ordered to pay a

special penalty assessment of $1,100, and held joint and severally liable with Mr. Sam Khabeer

for restitution of $92,595.40.[2]  Petitioner appealed her conviction and sentence and the Eighth

Circuit Court of Appeals affirmed the order and judgment of this Court on January 17, 2006.[3]

**II.     DISCUSSION**

Petitioner asserts claims regarding "Officer Miller's violation of the 4th Amendment;"

the failure of the court to suppress "evidence seized pursuant to a legal search but not listed in

---

[1]Doc. No. 178.

[2]Doc. No. 201.

[3]Doc. No. 225.

1

the application;" and "post-conviction enhancements that violated *Booker*."[4]  Plaintiff presents

no new evidence regarding any of this claims.  Additionally, these issue were previously

addressed by this Court and the Eighth Circuit Court of Appeals.[5]  Since issues previously

considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a

motion brought under § 2255,[6] Petitioner's claims are DENIED.

Petitioner also asserts that the Court should conduct a "recalculation of total offense level

due to loss amounts of isolated offenses."[7]  She contends that "each offense was separate of the

other (all isolated) so the loss amounts should have been calculated individually with the greatest

used in total offense level and the others running concurrent to the greatest."[8]  Because the total

amount of harm was properly calculated under U.S.S.G 3D1.2(d), Petitioner's assertion lacks

merit and is DENIED.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to

Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 is DENIED, and this case is

DISMISSED with prejudice.  Petitioner's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED this 8th day of May, 2006.


/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[4]Doc. No. 228.

[5]*See U.S. v. Khabeer*, 410 F.3d 477 (8th Cir. 2005), *U.S. v. Khabeer*, 159 Fed. Appx. 743 (8th Cir. 2005).

[6]*See U.S. v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983) (Holding that since  Petitioner's "illegal search and seizure argument was previously resolved adversely to him on direct appeal, it is not cognizable under section 2255.").

[7]Doc. No. 228.

[8]*Id*.